UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDUARDO JAVIER MEJIA MORALES, | ) | |
| Petitioner, | ) | Civil Action No. 08-00405 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MUKASEY, et. al., | ) | |
| Respondents. | ) | |

## UNITED STATES' MOTION TO TRANSFER
## PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their motion to transfer the petitioner's pro se petition for a writ of habeas corpus to the United States District Court for the Southern District of Florida. In support of his petition for a writ of habeas corpus, petitioner challenges the effectiveness of his trial counsel, and the legality of his respective conviction by asserting that the United States District Court for the Southern District of Florida lacked venue and subject matter jurisdiction over his criminal case. In essence, this a motion for post-conviction relief under 28 U.S.C. § 2255, and therefore should be transferred to the petitioner's court of conviction. However, before the Court can construe the petitioner's petition as a motion filed under 28 U.S.C. § 2255, this Court must advise the petitioner of the consequences of the characterization, and allow the petitioner an opportunity to respond. See, e.g., Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Palmer, 296 F.3d 1135, 1146 (D.C. Cir. 2002).

**BRIEF PROCEDURAL HISTORY**

On March 27, 2003, petitioner was charged in a four count indictment with conspiracy to

commit aircraft piracy, in violation of 49 U.S. C. §§ 46502(a)(1)(A), (a)(2)(A) and 18 U.S.C. § 2 (Count One); (2) aircraft piracy, in violation of 49 U.S.C. § 46502(a)(1)(A) (Count Two); (3) conspiracy to interfere with a flight crew, in violation of 49 U.S.C. § 46504 and 18 U.S.C. § 2 (Count Three); and (4) interference with a flight crew, in violation of 49 U.S.C. § 46504 (Count Four), arising from the hijacking of an aircraft bound for Havana, Cuba from Gerona, Cuba that was diverted to Key West, Florida. Subsequent to a jury trial before the Honorable James Lawrence King in the United States District Court for the Southern District of Florida, petitioner was convicted on Counts One through Three, and was acquitted on Count Four. On April 21, 2004, Judge King sentenced petitioner to a 240 months' of incarceration and three years' supervised release one each count to run concurrently, and imposed a $300 special assessment. Petitioner noted a timely appeal, and on May 22, 2006, petitioner's conviction was affirmed. See United States v. Eduardo Javier Mejia Morales, 449 F.3d 1168 (11th Cir. 2006). Petitioner is currently confined in the Federal Correctional Institute in Fort Worth, Texas in the Northern District of Texas. On March 6, 2008, petitioner filed a Petition for a Writ of Habeas Corpus in the United States District Court for the District of Columbia for relief from his conviction to which the government now responds.[1]

## ARGUMENT

**I.    Habeas Petition Should Be Construed As § 2255 Motion**

The petitioner's petition must be transferred to the United States District Court for the Southern District of Florida, the court in which he was convicted. Although the petitioner styled his claim for relief as a petition for a writ of habeas corpus, and not as a Section 2255 motion, it is

---

[1] On May 7, 2008, this Court issued an Order directing the government to respond to the instant petition no later than May 27, 2008. This Order was received by the undersigned Assistat United States Attorney on June 5, 2008.

-2-

well settled that the caption of a pleading is not determinative of the nature of the relief sought. Thus, the federal circuit courts of appeal have uniformly held that pleadings which are the functional equivalent of a Section 2255 motion must be treated as such, regardless of the caption of the pleading. See, e.g., United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) (treating motion under Declaratory Judgment Act as Section 2255 motion); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (treating Section 2241 habeas petition as Section 2255 motion); cf. Brennan v. Wall, 100 Fed.Appx. 4, 5 (1st Cir.) (treating motion filed under 28 U.S.C. § 1651 as § 2254 motion), cert. denied, 543 U.S. 908 (2004); Byrd v. Bagley, 37 Fed.Appx. 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254"); Burris v. Parke, 130 F.3d 782, 783 (7th Cir.) (treating motion to recall mandate as Section 2254 motion), cert. denied, 522 U.S. 990 (1997); In Re Sapp, 118 F.3d 460, 464 (6th Cir.) (treating complaint under 42 U.S.C. § 1983 as Section 2254 motion), cert. denied, 521 U.S. 1130 (1997); Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir.) (per curiam) (treating Section 2241 habeas petition as Section 2254 motion), cert. denied, 519 U.S. 1103 (1997); Felker v. Turpin, 101 F.3d 657, 661 (11th Cir.) (treating Rule 60(b) motion as Section 2254 motion), cert. denied, 519 U.S. 989 (1996).

In this case, the petitioner is challenging the legality of his conviction, and not the manner in which his sentences have been executed. However, it is well settled that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined . . . [whereas] a 28 U.S.C. § 2255 [motion] attacks the legality of detention . . . and must be filed in the district that imposed sentence." Bradshaw v. Story, 86 F.3d at 166; Milton v. Wiley, 209 Fed.Appx. 766-67 (10th Cir. 2006); see also Perkins v. Henderson, 881

F.Supp. 55, 59 n.4 (D.D.C. 1995) ("'It is well settled in this jurisdiction and elsewhere that Section 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement.'") (quoting Hartwell v. United States, 353 F.Supp. 354, 357-58 (D.D.C. 1972)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing). Accordingly, this Court should properly treat the petitioner's habeas petition, which solely challenges the legality of his convictions, as a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, rather than as a habeas petition filed pursuant to 28 U.S.C. § 2241.

Accordingly, because the instant petition constitutes the petitioner's first Section 2255 motion, this Court should transfer this petition to the United States District Court for the Southern District of Florida, the court in which he was convicted. See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct sentence.") (emphasis added).[2]

## II. Petitioner Should Be Given An Opportunity to Respond To Re-Characterization Under Section 2255

The Court may characterize petitioner's petition as a § 2255 motion only if the Court informs

---

[2] Before transferring the petition, however, this Court should give petitioner notice of the proposed transfer and an opportunity to be heard on the issue. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988) (prior to transfer, court should provide habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

the petitioner of its intent to characterize the petition under § 2255, "warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro, 540 U.S. at 376; see also Palmer, 296 F. 3d at 1146 (the district court "may recharacterize a post-conviction motion made under another rule of law as a § 2255 only if it first ensures that the movant is fully informed of § 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by recharacterization and the court offers the movant an opportunity to withdraw his motion"). Thus, petitioner should be given the following warnings concerning the consequences that may result from the characterization of his petition as a § 2255 motion, and give him an opportunity to withdraw his petition if they wish to avoid these consequences.

    First, 28 U.S.C. § 2255 requires that all claims attacking a conviction or sentence be brought in a single motion. A second or successive § 2255 motion must be certified by the appropriate U.S. Court of Appeals. 28 U.S.C. § 2255 ¶ 8. The Court of Appeals will not authorize a second or successive § 2255 motion unless it contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that the defendant is not guilty of the offense for which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review that was previously unavailable. Id.

    Second, the petitioner should be advised that § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6. The one year period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction became final; (2) the date upon which the

impediment to making a motion created by governmental action in violation of the Constitution of the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Finally, if the petitioner's petition is characterized as a § 2255 motion, he must be given the opportunity to withdraw the instant petition before it is so characterized. Additionally, the petitioner should be warned that any motion attacking the legality of his conviction or sentence will be subject to the restrictions of § 2255.

## CONCLUSION

**WHEREFORE**, the federal respondents respectfully request that, for the above-stated reasons, the petitioner's petition be characterized as a § 2255 motion, and that he be allowed to either withdraw the instant petition or agree to let the petition be characterized as a § 2255 motion within 60 days of the date that this Court orders the petitioner to make such a choice.

If the petitioner agrees that his petition should be characterized as a § 2255 motion, the federal respondents request that this Court transfer the petitioner's petition to the United States District Court for the Southern District of Florida as a motion made pursuant to 28 U.S.C. § 2255.

A proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

\

/s/ John P. Mannarino
JOHN P. MANNARINO
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 444-384

/s/ Carolyn K. Kolben
CAROLYN K. KOLBEN
Assistant United States Attorney
D.C. Bar No. 391-156
Carolyn.Kolben@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-441
Washington, D.C. 20530
(202) 616-0852

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the instant motion has been filed electronically with the Court and served by mail upon the petitioner, Eduardo Javier Mejia Morales, Fed. Reg. No. 39053-004, Fort Worth-FCI, P.O. Box 15330, Fort Worth, Texas 76115, this sixth day of June 2008.

/s/Carolyn K. Kolben
Carolyn K. Kolben
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDUARDO JAVIER MEJIA MORALES,** ) | |
|         Petitioner, ) | Civil Action No. 08-00405 (HHK) |
| ) | |
| **v.** ) | |
| ) | |
| **MICHAEL MUKASEY, et. al.,** ) | |
|         Respondents. ) | |

## ORDER

After reviewing the petitioner's petition and the government's response, this Court believes that the claims in petitioner's petition may only be raised in a motion filed pursuant to 28 U.S.C. § 2255. Therefore, this Court intends to construe the petitioner's petition as a § 2255 motion. However, before I take this action, I need to inform the petitioners of some of the consequences that may result from the characterization of his petition, and give the petitioner an opportunity to withdraw his petition if he wishes to avoid these consequences. Therefore, I am providing the petitioner with the following advisement pursuant to United States v. Castro, 540 U.S. 375 (2003), and United States v. Palmer, 296 F.3d 1135 (D.C. Cir.2002).

First, the law related to § 2255 motions requires all claims challenging the legality of a conviction or sentence be brought in a single motion. If I characterize your petition as a § 2255 motion, you will not be able to file any more motions challenging your conviction or sentence unless the appropriate U.S. Court of Appeals authorizes you to file such a motion. In this regard, you should be aware that the Court of Appeals will not authorize you to file a second or successive § 2255 motion unless the motion contains: (1) newly discovered evidence that would establish, by clear and

1

convincing evidence, that you are not guilty of the offense for which you were convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review.

Second, if I characterize your petition as a § 2255 motion, you will be subject to the one year period of limitation contained in § 2255. This period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which your conviction becomes final; (2) the date on which any governmental interference preventing you from filing such a motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting your claims could have been discovered if you acted with reasonable diligence.

Third, because of the consequences that may result if I characterize your petition as a § 2255 motion, I will afford you the opportunity to withdraw your petition before I characterize it as a § 2255 motion. In the event that you decide to withdraw your petition and file another motion in its place, please be aware that any motion attacking your conviction or sentence will be subject to the restrictions on § 2255 motions that I have described in the paragraphs above.

Accordingly, you will have 60 days after the date of this order in which to inform the Court whether you wish to withdraw your petition or have me characterize it as a § 2255 motion. If I do not receive your response within that time period, I will characterize your petition as a motion filed under 28 U.S.C. § 2255.

Furthermore, if this Court characterizes the petitioner's petition as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, the federal respondents' motion to transfer the petition will be granted and the petition will be transferred to the United States District Court for the

Southern District of Florida.

**SO ORDERED**, this _____day of _____,2008.

_____
Henry H. Kennedy, Jr.
United States District Court Judge

Copies To.

Carolyn K. Kolben
Assistant United States Attorney
555 4th Street, N.W.
Special Proceedings Division
Room 10-441
Washington, D.C. 20530

Eduardo Javier Mejia Morales
Fed. Reg. No. 39053-004
Forth Worth-FCI
P.O. Box 15330
Forth Worth, Texas 76115

Harry Wallace, Jr.
Assistant United States Attorney
United States Attorney's Office
500 East Broward Boulevard
Fort Lauderdale, Florida 33394